## TEMPLEMAN COMMON SCHOOL DIST. NO. I OF BRAZOS COUNTY v. BOYD B. HEAD CO.

### No. 1832.

Court of Civil Appeals of Texas. Waco.

Jan. 21, 1937.

W. S. Barron and A. S. Ware, both of Bryan, for appellant.

Claude Segrest and Travis McCown, both of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by Boyd B. Head, doing business under the trade-name of Boyd B. Head Company, against the Templeman Common School District No. 1 of Brazos county, to recover on two warrants, of date February 22, 1933, one for the sum of $188.20, due on or before February 22, 1934, and the other for the sum of $600, due on or before April 1, 1934, executed by the trustees of said school district and payable to J. E. Chambers & Co., Inc., out of the local school funds to the credit of said district. A trial before the court resulted in a judgment for plaintiff in the sum of $1,337.-27. The defendant appealed.

The evidence shows that during the month of February, 1931, J. E. Chambers & Co., Inc., furnished and installed for Templeman School District No. 1, a common school district of Brazos county, two septic toilets, for the purchase price of which the trustees of said district executed and delivered the warrants of the district. The warrants here sued on were executed by said trustees in renewal of said original indebtedness. The appellee is now the owner of said warrants. It is undisputed that the school district did not have available the funds with which to pay said indebtedness at the time the debt was incurred and it did not thereafter acquire such funds during that scholastic year. In other words, all of the funds accruing to the district for the current school year had previously been appropriated for other purposes at the time the debt in question was incurred. J. E. Chambers & Co., Inc., was fully informed at the time the sale was made that the district did not have available the funds with which to pay for said toilets and was instructed by the county superintendent not to install the toilets. The record does not show when the original warrants were payable, but it does show that the county superintendent refused to approve them. The warrants here sued on represent the second or third renewals of the original warrants. The county superintendent declined to approve any of the renewal warrants, including those here sued on, and there is no evidence that the school district has ever had available the funds with which to pay any of said warrants.

Revised Statutes, art. 2749, provides in part: "They [the trustees] shall contract with teachers and manage and supervise the schools, subject to the rules and regulations of the county and State Superintendents; they shall approve all claims against school funds of their district; provided, that the trustees, in making contracts with teachers, shall not create a deficiency debt against the district." In keeping with the last clause of the foregoing statute, it has been held that the trustees of a school district cannot contract a debt in the employment of teachers to an amount in excess of the school fund apportioned to the district for any particular year. In this connection, the Supreme Court said:

"But the trustees were not authorized to contract any debt which would cause a deficiency in the school fund of the district. In other words, they could not contract debts in the employment of teachers to an amount greater than the school fund apportioned to that district for that scholastic year. This limitation upon the power of the trustees in making the contract with the teachers necessarily limits the payment of the debts that might be contracted to the amount of the fund which belonged to the district for that year, and any debt contracted greater than that would be a violation of the law, and constitute no claim against the district. The sum appropriated being known, and the number of schools determined, the length of the term to be taught would fix with certainty the price to be paid to the teacher, and no

.one need be misled about it. The trustees were authorized to expend the sum set apart to the district, but not empowered to contract a debt against the funds of future years." Collier v. Peacock, 93 Tex. 255, 54 S.W. 1025, 1026. While the language used in said statute refers specifically to a deficiency created in the employment of teachers, it has been held that it applies with equal force to debts incurred in the purchase of equipment. In this connection, the Court of Civil Appeals in Stephenson v. Union Seating Co., 26 Tex. Civ.App. 16, 62 S.W. 128, 129, in referring to the holding of the Supreme Court in Collier v. Peacock, supra, said:

"It is held that a warrant for a teacher's salary in excess of the sum apportioned to the district for the year cannot be made a charge upon the fund of a subsequent year. Article 3959 [now article 2749] was construed as a limitation upon the power of the trustees to contract any debt which would cause a deficiency in the school fund of the district. While the article applies alone to contracts for teachers' salaries, we think the construction placed upon it by the supreme court applies with equal force to the articles controlling the purchase of school furniture."

The Supreme Court refused a writ of error in that ·case. This seems to be the logical construction to be placed on the statute, for its purpose, at least in part, is to avoid a dissipation in advance of the funds to be appropriated for the support of the school during subsequent years and thus render more certain the maintenance of a public free school in each district for at least six months in each year, as called for in article 7, § 3, of the Constitution; and, if in keeping with that purpose a deficiency debt cannot be created in the employment of a teacher, the one indispensable essential of a school, it reasonably follows that such a deficiency cannot lawfully be created in the purchase of equipment. See in this connection 37 Tex. Jur. 972; Warren v. Sanger Independent School Dist., 116 Tex. 183, 288 S.W. 159.

■ Since the school district did not, at the time the contract was entered into, nor during that scholastic year, have available or accruing to it funds necessary to meet the obligation, the trustees were without authority to incur the debt.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.