## FIRST NAT. BANK OF ATHENS v. MURCHISON INDEPENDENT SCHOOL DIST.

### No. 12299.

Court of Civil Appeals of Texas. Dallas.

Feb. 12, 1938.

Rehearing Denied March 19, 1938.

Bishop & Parsons, of Athens, for appellant.

Justice & Justice, of Athens, for appellee.

YOUNG, Justice.

The parties here will be given the same designation as in the trial court. Plaintiff below instituted this suit against the defendant on January 8, 1936, in the district court of Henderson county on three warrants, of date April 23, 1932, each in the principal sum of $400, payable to the First State Bank of Murchison, Tex.—one, two and three years after date—bearing interest annually at 6 per cent., each instrument reciting: "This warrant is given in part payment for purchase price of school furniture and equipment and is payable out of Local Maintenance Tax Funds of Murchison Independent School District of Murchison, Texas, and is based on order this day passed by the School Board of said Independent School District, in which provision is made for the payment hereof."

All warrants were regularly signed by the individual trustees and attested by the secretary of said district, the first in number bearing a credit of date August 5, 1933, of $130; all of such instruments being sup-

ported by a resolution of defendant board of trustees, regular in form, reciting, in effect, that defendant district, being justly indebted to the First State Bank of Murchison, Tex., for moneys advanced in the sum of $1,300 for the purpose of enabling defendant to purchase necessary furniture and equipment for its school, and being unable to pay therefor except by issuing the above-described interest-bearing warrants, the said warrants were therefore authorized and payable out of 35 per cent. of local maintenance tax collections of such district for the school years of 1932 to 1935, inclusive. Plaintiff further alleged that, pursuant to said resolution, defendant district had levied and collected local maintenance taxes, or would collect delinquent taxes for such years, from which it was the duty of the defendant trustees to pay these warrants, but the defendant has refused to set aside the 35 per cent. of said fund, but was using such collections for other purposes.

Defendant pleaded in answer that the warrants sued upon were issued for the sole and only purpose of covering a pre-existing debt due said First State Bank of Murchison, and were not in payment of school furniture and equipment, the recitals in such notes to such effect being made at the instance and request of said payee bank, and for its accommodation.

The above resolution was attacked as not being an official act of the board, no order having been passed or placed on the minutes, allocating the 35 per cent. of maintenance taxes, even if authority existed for setting aside funds of future years to pay pre-existing debts. For various reasons, the said notes were alleged to be void, defendant denying that, at the time of the suit, it had on hand any funds arising from the collection of the local maintenance tax of said school district for the years 1932 to 1935, having already expended same for lawful purposes in paying current expenses and teacher's salary for said years. In response to such defenses, plaintiff interposed the defense of bona fide holder for value without notice; and of estoppel both in the transaction of issuing the warrants and in plaintiff's becoming the owner thereof, and because of benefits received by the district. At the conclusion of the evidence in a jury trial, the trial court granted defendant's peremptory instruction and rendered judgment that plaintiff take nothing, hence this appeal.

We find from the record that the Athens National Bank was the depository for defendant school district during the school year of 1930–1931, and continued so to be up to the time of its failure, prior to the date of these warrants. The First State Bank of Murchison had theretofore paid vouchers for teacher's salary and current expenses of the school for the 1930–1931 school term, totaling some $1,200, expecting reimbursement from the district in tax collections through the depository bank (the Athens National), but failed to receive payment for the vouchers it held by reason of the closing of said Athens National Bank and a resultant loss to the district of around $1,100 in school funds. The three warrants in suit were issued to the First State Bank of Murchison as payee to cover this deficit, and were later acquired by plaintiff bank upon closing and liquidation in turn of said First State Bank of Murchison. Such warrants were not issued to evidence purchase of school furniture or equipment. At the time suit was brought, no funds were on hand or available from local maintenance tax collections for the years 1932 to 1935, inclusive, with which to pay said warrants; nor had the proper officials set aside any fund for such purpose during the years designated.

■ It will be seen that plaintiff bank acquired these warrants subject to all defenses arising from the original transaction, the instruments not being negotiable. 6 Tex.Jur. § 17, Bills and Notes; Jenkins Common School District No. 17 v. Bank, Waco Court of Civil Appeals, 103 S.W.2d 394, and many authorities there cited.

■ Plaintiff's cause of action under its pleading was upon the three instruments executed to the said payee bank, "in part payment of the purchase price of school furniture and equipment." The great weight of the testimony established that the defendant district did not purchase the school equipment above recited, with proceeds of funds advanced by the Murchison bank, hence a failure of proof resulted under plaintiff's allegations of liability. Applying the strict rule governing such contracts of public corporations, we conclude that the warrants sued upon by plaintiff, under this record, were unauthorized and created no obligation against the defendant district. 37 Tex.Jur., Schools, §§ 75–100. Nor were there, for the particular years, over and above the amounts necessary to

conduct the school, any available funds out of which these debts could be paid. Collier v. Peacock, 93 Tex. 255, 54 S.W. 1025; Warren v. Sanger Independent School District, 116 Tex. 183, 288 S.W. 159; Harlingen Independent School District v. C. H. Page & Bro., Tex.Com.App., 48 S.W.2d 983; Templeman Common School District v. Boyd B. Head Co., Waco Court of Civil Appeals, 101 S.W.2d 352. The defense of estoppel does not accrue to the plaintiff bank, no school furniture and equipment having been received by the district, though the warrants and board resolution stated otherwise. City of Dublin v. H. B. Thornton & Co., Eastland Court of Civil Appeals, writ refused, 60 S.W.2d 302, and many cases there reviewed.

Had the arrangement above referred to not been made, the rights and equities of the original payee bank might have been conceivably different. Undoubtedly, the district received the benefit of the moneys represented by the original overdraft. See Frost v. Fowlerton Consolidated School District, Tex.Civ.App., 111 S.W.2d 754, where equitable principles were invoked by a warrant holder that could probably have been available to plaintiff bank, had the initial transactions been properly before us. The Frost Case, supra, cites Churchill v. Board of Trustees, Ky., 89 S.W. 122, 124, 28 Ky.Law Rep. 162, where it is stated (discussing school districts): "In creating these corporations the Legislature did not contemplate, in defining their powers, to prevent them from being just, or to take away from them the power to do right when an innocent mistake had been made. The power to conduct the school necessarily carries with it the power to meet those obligations which are justly incurred in conducting the school."

However, to illustrate the rigid rule of construction as regards the liability of school districts on warrants, even when valid in inception, see Stephenson v. Union, etc., Co., 26 Tex.Civ.App. 16, 62 S.W. 128, writ refused, where school equipment was actually received by the district, but mandamus proceedings to compel payment therefor from funds of subsequent years was denied. In the only case cited by appellant, Harkness v. Hutcherson et al., 90 Tex. 383, 38 S.W. 1120, 1121, Chief Justice Gaines observed, "The trustees of school communities act under very restricted powers, and have control of a fund which the law carefully fosters and jealously guards." While it is

true, under the Harkness Case, supra, "School Districts which may sue and be sued, may be held liable on their obligations"; the recovery there was on a salary warrant payable from local tax funds collected for the school year in which such salary accrued.

We are of the opinion, under this record, that the trial court did not err in granting the peremptory instruction of appellee.

Affirmed.