

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor, Taylor County
Abilene, Texas

Dear Sir:

    Opinion No. O-1690
    Re: May school districts make refund to the
      State out of their funds for the current
      year to take care of overpayments re-
      ceived from the State school fund in
      previous years?

    On November 14, 1939, you requested an opinion
from this department based upon a request to you from Mr.
Tom McGehee, County Superintendent of Taylor County, Texas,
on the following question which was included in Mr. McGehee's
letter to you:

    "I should be glad to know if the Auditing De-
  partment can legally cancel or deduct from Warrants
  purchased by the Banks, the Banks being innocent
  purchasers, or if such amounts sent to districts
  should be refunded to the Equalization Department,
  from what funds should the refund be made?  Since
  the funds for the fiscal year 1938-'39 have all
  been spent, if a refund is due to be made, it
  would necessarily have to be deducted from the
  fiscal year 1939-'40."

    It is set out in your request that the occasion for
the above question was brought about by the fact that some
of the school districts in Taylor County listed some ineligi-
ble children in their application for salary aid, and after
the State warrants had been sent out to the districts, the
State Auditor discovered this fact and found that actually
the districts were not entitled to hire as many teachers
as were employed, and were not entitled to as much salary
aid as was sent, and the State Auditor had payment stopped
on some of the State warrants for that reason.

    With respect to the first portion of your inquiry
as quoted above, we feel that it would be improper for us to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

answer same, as the only parties interested in an answer to that portion of your request are private banking institutions holding these warrants, whom we are prohibited, by Article 4399, Revised Civil Statutes, 1925, from advising. However, we will state that your assumption that the banks could be innocent purchasers of these State warrants in the sense of an innocent purchaser of a negotiable instrument, is incorrect.

With respect to the second portion of your request, it is the opinion of this department that the school districts are not authorized to pay for any deficiencies of the fiscal year 1938-'39 out of their funds for the fiscal year 1939-'40, as it would be in violation of Articles 2749 and 2827 of the Revised Civil Statutes, 1925.

The Supreme Court in Collier vs. Peacock (1900), 54 S. W. 1027, held that a Board of Trustees was not authorized to execute a teachers contract which would cause a deficiency debt against the school fund of the district for any particular year. The same doctrine has been extended and applied not only to teachers' contracts, but to other obligations such as the purchase of supplies, equipment, and permanent improvements to the school properties.

In Templeman Common School District vs. Boyd B. Head Company (T.C.A. 1937), 101 S.W. (2d) 352, two warrants were issued in payment for septic toilets, said warrants being dated February 22, 1933, due February 22, 1934, and April 1, 1934. These were renewal warrants and there was no showing that the district had any available funds on hand for the year for which the purchase was made. The court in holding that recovery could not be had on said warrants stated:

"While the language used in said statute (2749) refers specifically to a deficiency created in the employment of teachers, it has been held that it applies with equal force to debts incurred in the purchase of equipment. In this connection, the Court of Civil Appeals in Stephenson vs. Union Seating Co., 62 S.W. 128, 129, in referring to the holding of the Supreme Court in Collier vs. Peacock, supra, said:

"'It is held that a warrant for a teacher's salary in excess of the sum apportioned to the district for the year cannot be made a charge upon the funds of a subsequent year. Article 3959 (now Article 2749) was construed as a limitation upon the powers of the trustee to contract any debt which would cause a deficiency in the school fund of the district. While the article applies alone to contracts for teachers' salaries, we think the construction placed upon it by the Supreme Court applies with equal force to the articles controlling the purchase of school furniture.'"

We trust that the foregoing satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _D W Mahon_

D. D. Mahon
Assistant

DDM:pbp

APPROVED DEC 23, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS