**STEWART v. NEWTON INDEPENDENT SCHOOL DIST. et al.**

**No. 3788.**

Court of Civil Appeals of Texas. Beaumont.

June 19, 1941.

Synnott & Smith, of Jasper, for appellant.

Richardson & Lanier, of Jasper, and E. A. Lindsey, of Newton, for appellees.

WALKER, Chief Justice.

For a statement of the nature of this case we refer to the statement made by Mr. Justice Combs, writing the opinion for the court on a former appeal. Stewart v. Newton Independent School District et al., Tex.Civ.App., 134 S.W.2d 429. On this trial appellant amended his petition, and on the determinative issue plead as follows: "Plaintiff shows that at the time of the execution and delivery of said vouchers hereinabove described, (the vouchers described by Judge Combs in his opinion, supra) and at the time of the refusal to pay the same hereinafter referred to, there was on deposit in the defendant bank to the credit of said school district, and in process of immediate collection, the sum of two thousand dollars realized from local taxes which could be used by the trustees and by the defendant bank in the payment of said vouchers, no part of it being derived from state school funds; and arrangements were in effect between said trustees and said bank by which said bank had agreed to pay all vouchers as issued in order and collect and apply to its reimbursement said funds as collected. There was more than said amount then in the process of collection which was later collected from local taxation and deposited in said bank, and which then became funds out of which said vouchers ought to have been paid, and upon which plaintiff had a prior right for the collection of said vouchers. That immediately after the execution and delivery of said vouchers the same were presented by the holders thereof to said defendant bank for payment, but before the same were paid the defendants Campbell, Trotti and Collins requested defendant, J. Roy Lawson not to pay the same, and when the same were presented to the said Lawson and through him said bank unlawfully refused to pay the same, and then and there converted to the use of said bank and said Lawson the said money which ought to have been used to pay said vouchers."

We make the following quotation from appellees' answer: "Defendant would further show that said vouchers were illegally issued for the reason that there were no funds available or accruing during the scholastic year 1937–38 out of which said vouchers could — paid, in that such funds as were available or could accrue during such year had theretofore been contracted by said Trustees and said school district for the purpose of paying its corps of teachers and otherwise operating the schools of said district prior to the issuance of said vouchers and prior to the purported contracts between the said Collins and the said Gray, and that, therefore, said funds were and would be due to other parties than the said Collins and Gray, and that, therefore, said attempted additional obligations and said vouchers were void and it was the duty of said defendants to refuse the payment thereof."

On the determinative issue made by the pleadings of the parties as quoted, on trial to the court without a jury, judgment was for appellees.

As presenting the law of the facts adduced in the lower court, appellant advances the following proposition: "We are here now on the sufficiency of the evidence and they are claiming that we have not discharged the burden of proving that there were funds available. We say that all the authorities hold that we do not have to show absolutely that the funds are on hand but that at the time the contract was made in the reasonable contemplation of the parties there would be funds available to pay the obligations. We think that is all there is to the law and that we have met the burden."

It is our judgment that the following statement of the evidence from appellees' brief supports the judgment of the lower court, as against appellant's proposition:

"The court's judgment recited, 'The court, who after hearing the pleadings and the evidence offered, is of the opinion and so finds that the law and the facts are against the plaintiff and with the defendants,' and rendered judgment that plaintiff take nothing by his suit.

"David D. Boyd, called as a witness for plaintiff, testified that at the time in question he was superintendent of the Newton school and secretary of the Newton Independent School board; that at the time the

vouchers were issued there was no money in the local tax fund. Such was reflected by the books. He did not remember the exact day Collins and Gray were employed, but it was after the quo warranto proceedings were filed, after the papers were served. At that time there was no money in the local fund. The total amount deposited to the local fund for that scholastic year was $4,418.10. The total operating expenses for the school for that scholastic year was approximately $28,000.00, which included the contracts the school entered into with its teachers, janitor hire, water, lights, and fuel, and, in general, the entire operation of the school prior to September 1, 1937. He could not tell whether the total amount of funds received for the district exceeded the amount of its obligations necessary to operate the school. From the record he stated there was not enough money came in to pay all outstanding obligations. That he then held a voucher dated June, 1938, that had not been cashed. H. L. Swearingen, a witness for defendant, testified that during the times involved he was cashier of the First National Bank, depository of the district. That the total amount received by the district, including state per capita and local funds, were $19,055.80. That the aggregate of the school salaries, teachers and janitor, was $19,056.00. At the beginning of the scholastic year 1937 there was something over $600.00 in outstanding warrants against the local tax fund. There was in the local fund July 31, 1937, the sum of $510.75. There was paid out during the month of August $608.81, and outstanding warrants on August 31st or September 1st in the amount of six or seven hundred dollars. * * * David D. Boyd, a witness for plaintiff, testified that in employing J. J. Collins he agreed to handle the case but stipulated that he would have to have his fee then; that he would not accept the school's voucher. That they employed him. J. I. Miller, a witness for plaintiff, testified he (Collins) agreed to take the case for a fee of $600.00, and that we could issue the voucher at any time we saw fit and if he cashed them he would refund the money or transfer the voucher to John Robert Stewart. He wanted the cash or we could issue the vouchers and cash them and pay him. That he and John Robert Stewart and Mr. Boyd took the money to Mr. Collins."

Appellees' statement of the evidence clearly raised the issue that the school district did not, at the time the contract was entered into nor during that scholastic year, have available or accruing to it funds necessary to meet the two vouchers, the basis of appellant's cause of action. The fact that Mr. Collins refused to accept the voucher in payment of his fee but insisted that appellant and his associates pay his fee in cash raised against appellant the issue—if the issue was essential to appellees' defense—that at the time the contract was made it was not in the reasonable contemplation of the parties that funds would be available to pay the vouchers. This case is ruled by Templeman Common School District No. 1 of Brazos County v. Boyd B. Head Co., Tex.Civ.App., 101 S.W. 2d 352, 353. Writing the opinion in that case, Judge Alexander quoted the following proposition from Collier v. Peacock, 93 Tex. 255, 54 S.W. 1025: "But the trustees were not authorized to contract any debt which would cause a deficiency in the school fund of the district."

Judge Alexander closed his opinion with the following general proposition of law: "Since the school district did not, at the time the contract was entered into, nor during that scholastic year, have available or accruing to it funds necessary to meet the obligation, the trustees were without authority to incur the debt."

On this proposition the vouchers in issue were void. See, also, Stephenson v. Union Seating Co., 26 Tex.Civ.App. 16, 62 S.W. 128; Warren v. Sanger Ind. School Dist., 116 Tex. 183, 288 S.W. 159; Trustees of Crosby Independent School Dist. v. West Disinfecting Co., Tex.Civ.App., 121 S.W. 2d 661.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.