

# The Attorney General

## of Texas

Gerald C. Mann

~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

Austin 11, Texas

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-4412

Re: Whether school district
may use excess of main-
tenance tax over 50¢ on
the $100.00 valuation
for payment of debts
created in prior years

We have received your letter of recent date which we quote in part as follows:

"In order to qualify for State Rural Aid, it is necessary for fifty cents of the Rural Maintenance Tax of a school to be used in caring for the rural aid needs of such school. Rulings from your department indicate that any maintenance tax levied by a school over and above this required fifty cents may be used for any legal purposes.

"The County Superintendent of McLennan County is, I think, using a too liberal interpretation of the term 'legal purpose' as a basis for approving certain common school district expenditures. My contention is that current local maintenance tax revenues are not eligible for the payment of debts incurred during prior years until the necessary expenses for the current year are satisfied. The local County Superintendent is paying out of current local maintenance tax revenues, and contends he is legally justified in doing so., debts incurred in prior years, which were in excess of prior year budgets, to the exclusion of necessary current expenses and, in some instances, when funds are not even available to pay teachers' salaries for the current year."

We quote from Sec. 2 of the Current Rural Aid Appropriation Bill (Acts 47th Leg., ch. 549):

" . . . .After the indebtedness in these
funds; if any, has been retired the income from
this maintenance tax in excess of the required
fifty cents (50¢) maintenance tax may be used at
the discretion of the local school authorities
of the district for any lawful school purpose."

Your question resolves itself into the proposition
whether that part of the maintenance tax levy of a school
district which is in excess of fifty cents on the $100.00
valuation may be used to pay obligations of prior years.

Recently this department rendered Opinion No.
O-4257 dealing with the payment of debts of a school district of one year with the revenues of a subsequent year.
We quote from that opinion as follows:

"... This department has consistently held
that debts created by a school district in a
certain year which create a deficiency in the
school fund for that year are in violation of
law and create no claim against the district.
In other words, the trustees of a school district
are not authorized to create a debt payable
out of the revenues of the district of a subse-
quent year. Opinions No. O-4001, No. O-2231;
Collier v. Peacock, 54 S.W. 1025; Templeman
Common School District v. Boyd B. Head Company
101 S.W. (2d) 352; First National Bank of Athens
v. Murchison Independent School Dist., 114 S.W.
(2d) 382; Harlingen Independent School Dist.
v. C.H. Page & Bro. 48 S.W. (2d) 983.

" . . . .

" . . . .Debts may not be contracted
greater than the amount of available funds on
hand or that may be reasonably enticipated for that
school year. A debt created in excess of such
amount is void and constitutes no claim against
the district. Obligations expressly payable out
of funds accruing to the district in a subsequent
scholastic year may not validly be created by
the trustees of a school district; such obliga-
tions are void and create no liability whatsoever

on the part of the district. If in a previous year a debt was validly created in reasonable anticipation of revenues to be collected for that year, but the fund actually realized was insufficient to discharge the same, such debt may be paid from the delinquent taxes of such previous year or years prior thereto. Such a debt cannot be paid from the revenues of a subsequent year, at least unless there is an actual surplus in the fund after the discharge of all the obligations of such subsequent year; however, as there is no such surplus in the fund of the school district involved, it is not necessary for us to pass upon this point, and we express no opinion thereon."

We are of the opinion that the cases cited in Opinion No. O-4257 are applicable to a school district whether or not it levies more than a fifty cent maintenance tax, that the same limitations are present with respect to the funds of the district realized from a maintenance tax of more than fifty cents, and that the principles announced in Opinion No. O-4257 are therefore, applicable to the subject matter of your inquiry. It follows that an expenditure of school funds in violation of such principles would not be for a lawful purpose. We enclose a copy of Opinion No. O-4257 for your consideration.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ George W. Sparks

Approved Feb. 24, 1942    By        George W. Sparks
                                     Assistant
s/ Grover Sellers

First Assistant
Attorney General

Approved Opinion Committee
By BWB, Chairman

GWS:ff/cg