**NATIONAL SURETY CORPORATION, Petitioner,**

v.

**FRIENDSWOOD INDEPENDENT SCHOOL DISTRICT, Respondent.**

**No. B–776.**

Supreme Court of Texas.

Oct. 30, 1968.

Fulbright, Crooker, Freeman, Bates & Jaworski, W. St. John Garwood, Jr., Houston, for petitioner.

Reynolds, White, Allen & Cook, Grant Cook, Houston, for respondent.

The opinion of the Court delivered July 17, 1968, is withdrawn and the following is substituted therefor:

STEAKLEY, Justice.

The Friendswood Independent School District, Respondent here and defendant below, contracted with I. W. Powers on March 10, 1962, for the construction of certain school facilities for a contract price of $309,033.02, funded by an authorized bond issue of $375,000. On March 13, 1962, National Surety Corporation, Petitioner here and plaintiff below, executed and delivered to the District a labor and material payment bond and a performance bond. The construction contract provided for the retention by the District of ten per cent of the contract price until completion. Powers assigned his interest in the retainages to Petitioner as security for its bond obligations. Powers had substan-

tially completed the construction on April 8, 1963, except for the conversion of an existing cafeteria into a girls dressing room at a cost of $5,200. On such date the Board of the District voted to accept the building but to retain from the amount then due Powers the cost of remodeling the cafeteria. On April 11, 1963, the District delivered its check to Powers in the amount of $29,988.10, representing the sum remaining payable to him, less $5,200 for remodeling the cafeteria and an additional $500 for other purposes. Petitioner was thereafter required to pay claims for labor and materials in the amount of $18,-184.72 and incurred expenses of $52.70. On August 13, 1963, this suit was instituted against the District to recover these sums. The District filed a cross action against Petitioner and Powers and sought to recover from Petitioner its costs in remodeling the cafeteria in excess of the retained $5,200. By trial amendment, Petitioner alleged that "At all material times * * * sufficient funds had been properly raised and appropriated by said defendant and remained available to pay the claims upon which plaintiff sues."

After a jury trial, the trial court under date of March 14, 1967, rendered judgment for Petitioner against the District and Powers, jointly and severally, for the amount of the claims for labor and materials, together with its necessary expenses. The District was given judgment against Powers but was denied recovery on its cross action against Petitioner. Powers did not take an appeal. The Court of Civil Appeals on appeal by the District held that Petitioner acquired a valid claim against the District for the sum it was required to pay the labor and material claimants and affirmed the judgment of the trial court denying the District any recovery on its cross action. These holdings are not before us for review. The Court of Civil Appeals further held, however, that notwithstanding the validity of its claim, Petitioner was precluded from recovery of judgment against the District

because of its failure to prove *that at the time of the judgment* the School District had remaining and unappropriated funds for the current year of the claim with which to pay Petitioner. Tex.Civ. App., 423 S.W.2d 95, 101. We granted writ of error to review this holding and have concluded that the Court of Civil Appeals was in error.

It is not questioned in the posture of the case as it reaches us that at the time the District entered into the construction contract with Powers it had available and not otherwise appropriated sufficient money from the sale of its bonds with which to pay the contract price; and that Petitioner acquired a valid claim against the District for the sums it was required to pay laborers and materialmen under its payment bond. It is also undisputed that on May 10, 1963, Petitioner notified the District by telegram that Powers had received excessive payments; that Petitioner was assignee of the payments due Powers under the contract; and that Petitioner would hold the District liable for any loss it sustained if any unauthorized payments were made to Powers. And, further, that at the time of this notice, sufficient unencumbered and unappropriated funds remained from the bond issue to pay the labor and material claims and expenses which Petitioner was subsequently required to pay and for which it sued the District.

The trustees of a common school district are "a body politic and corporate in law * * *; and as such may contract and be contracted with, sue and be sued * * *," Article 2748, Vernon's Ann. Tex.Civ.Statutes. "Clearly, if they may contract, and may be sued upon their contracts, judgments for money may be rendered against them." Harkness v. Hutcherson, 90 Tex. 383, 38 S.W. 1120 (1897). With reference to the management and control of the public schools by the trustees, together with their power to approve claims against school funds of the district, Article 2749 provides "that the trustees, in making

contracts with teachers, shall not create a deficiency debt against the district." The effect given this statutory prohibition was stated in Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W. 2d 578 (1955), as follows:

> "Again, this Court in the case of Campbell v. Jones, supra, [264 S.W.2d 425] as late as 1954, recognized the well established rule that valid claims against a school district *cannot be paid* by the district *unless* funds for the current year of the claim are available to pay said claim at the time of demand or judgment upon such claim.
>
> "Most of the above cases deal with liability of a school district upon teachers' employment contracts; however, this rule has been extended to apply to other contracts by the board of trustees." (italics added)

It is clear from the opinion in *Standley* that the decision was based on prior decisions denying the validity of claims against school districts in circumstances where the obligation of the contract called for expenditures in excess of available funds for the year in question, and hence created a deficiency debt. The discussion of the particular point under review in *Standley* was introduced by the statement:

> "It has been held for many years that the trustees of a school district cannot make a contract for the employment of teachers to an amount greater than the school funds belonging to the district for that year; and that any debt contracted greater than that would be a violation of law, and constitutes no claim against the district."

The supporting decisions, excerpts from which are quoted, were likewise predicated upon situations calling for expenditures of school district funds in excess of those available for the year of the claims.

The opinion in Campbell v. Jones, 153 Tex. 101, 264 S.W.2d 425 (1954), recited the background facts to the suit which

sought to establish the personal liability of trustees of an independent school district for the alleged breach of a contract with a teacher. It was noted in the introductory recitation that the teacher had previously obtained a judgment affirming the action of the State Board of Education ordering the school district to pay the teacher $1,246.50 under her contract for the year 1949–1950. This comment is made with reference to the judgment:

> "That judgment accomplished nothing in practical effect, for the reason that the funds for the school year 1949–1950 had been exhausted for operating the schools for that year and funds appropriated for operating the school on subsequent years could not be used to pay obligations accruing during a previous year. City State Bank in Wellington v. Wellington Independent School District, 142 Tex. 344, 178 S.W.2d 114."

Such was the holding in the supporting case of City State Bank v. Wellington: "* * * [I]t follows that to permit the bank to recover from the maintenance tax would in effect amount to a holding that money can be taken from funds of a present year to pay teachers and superintendents for a past year, in clear violation of the above statutes." See also Collier v. Peacock, 93 Tex. 255, 54 S.W. 1025 (1900), and Stephenson v. Union Seating Co., 26 Tex.Civ.App. 16, 62 S.W. 128 (Tex. Civ.App.1901, writ ref.).

█ These decisions establish the rule that a contract calling for expenditures in excess of current year funds creates a deficiency debt which is beyond the authority of the trustees of a school district, and can create no liability against the district. We are constrained against reconsideration of a rule of such long and undisturbed standing. However, it is apparent that the one essential to the creation of a valid contract otherwise within the powers of the trustees of a school district is the availability of eligible funds for the year in question to pay the money obligations assumed by the

district. Where such is the case, the subsequent exhaustion of such funds for other purposes does not retroactively destroy the original validity, or impair the continuing binding force, of the contract. No logical reason is perceived why the contracting party should be denied a judgment against the district under such circumstances, with the opportunity to seek its satisfaction from funds which may be legally expended for such purpose. We have examined the record in *Standley,* and it appears that funds were available at the time of the contract of employment but not at the time of the judgment; this latter fact was therefore the basis for the affirmance of the trial court judgment denying recovery on the contract. *Standley* is disapproved to the extent of its conflict with our holding here.

■ We conclude that the trial court correctly rendered judgment in favor of Petitioner against the Respondent School District upon establishment of its claim, the validity of which is not here questioned. It is undisputed that the construction contract was within the powers of the trustees of the District, and that at the time of the contract the District had available sufficient unencumbered funds with which to pay the obligations assumed thereby. A deficiency debt was not created by the contract in the first instance, nor by the judgment of the trial court based thereon.

■■ The more difficult question concerns the funds and procedures which are available to Petitioner in the collection of its judgment. The decisions we have reviewed that established the deficiency debt rule also expressed a corollary rule that school funds attributable to past or succeeding years cannot be used to pay school obligations of a given year even though the contract supporting the obligation was valid at the time of its execution. The opinions speak in terms of funds of the "year of the claim" as being the only funds available, and it was assumed that the corollary rule was likewise necessary to protect later years of school operations. This would not appear to be the case, however, as to surplus funds, i. e., funds remaining after all obligations for the current school year have been paid. Funds surplus to current year requirements may arise from delinquent tax collections, or from devises or donations, or perhaps from other sources. Neither current nor future school operations can be adversely affected or disrupted by the utilization of such surplus funds, the expenditure of which is not otherwise prohibited by statute, to pay valid obligations of the School District, and contrary expressions in prior opinions are disapproved.

■ It is further noted, however, that the judgment of the trial court authorized the levy of execution against the Respondent School District. This, we have concluded, was in error. Public policy exempts political subdivisions of the state performing governmental functions from execution or garnishment proceedings. Willacy County W. Control and I. Dist. No. 1 v. Abendroth, 142 Tex. 320, 177 S.W. 2d 936, 937 (1944). School districts are state agencies created and employed for the purpose of administering the system of public schools. Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20, 27 (1931); Lee v. Leonard Ind. School District, 24 S.W.2d 449 (Tex.Civ.App.1930, writ ref.). School districts, school boards, and the like, are not subject to garnishment. Willacy County W. Control and I. Dist. No. 1 v. Abendroth, supra; Buchanan v. A. B. Spencer Lumber Co., 134 S.W. 292 (Tex.Civ.App. 1911, no writ). Mandamus is the proper remedy by which the judgment against the Respondent School District can be enforced, whether the effort be directed toward funds of the 1961–62 school year, or to funds claimed to be surplus for prior or subsequent years. Thereby the court can afford the School District an essential measure of protection, particularly in what is probably the normal situation of commingled funds. Cf. Harkness v. Hutcherson, supra.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is modified to excise the authorization of execution against Respondent, and, as modified, is affirmed.

Dissenting opinion by GRIFFIN, and GREENHILL, JJ.

REAVLEY, J., not sitting.

### DISSENTING OPINION

GRIFFIN and GREENHILL, Justices (dissenting).

We respectfully dissent from the majority opinion in this case. We adopt the learned logical and well written opinion of the Court of Civil Appeals reported in 423 S.W.2d 93 as our dissent herein.