

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 7, 1974

The Honorable William K. Wilder
County Attorney
Jackson County
115 W. Main
P. O. Box 88
Edna, Texas 77957

Opinion No. H- 297

Re: Whether county judge,
county commissioner,
manager of river autho-
rity and county attorney
are required to register
under Article 6252-9c,
V. T. C. S.

Dear Mr. Wilder:

Article 6252-9c, Vernon's Texas Civil Statutes, (Acts 1973, 63rd Leg.,
ch. 422, p. 1096) is an act designed to regulate efforts to influence legislative
action through lobbying. It requires registration by those so engaged but ex-
cepts members of the judicial, legislative and executive branches. [§ 3(b)].

The Act, in § 2, defines "legislative branch" and "executive branch"
in a restricted manner. It does not define "judicial branch. "

You have asked whether a county judge, county commissioner, the
General Manager of a river authority and the county attorney are required
to register.

We limit our answer to the obligation of those persons to register for
activities related to and within the scope of their authority as public officials.
If they were to act in other capacities they may be required to register.

In the absence of a definition in the act of "judicial" we must assume
that it was intended to encompass all those offices falling under Article 5 of
the Constitution, the Judicial Article, including not only judges of the usual
trial and appellate courts, but also county judges (§ 15), county commissioners
(§ 18) and county attorneys (§ 21). See State v. Moore, 57 Tex. 307 (1882) and
Attorney General Letter Advisory No. 55 (1973).

We hold, therefore, that those named members of the judicial branch are not required to register under the provisions of § 3(b) of Article 6252-9c, V. T. C. S., the Lobby Control Act.

Whether the general manager of a river authority must register depends upon whether he is a member of the executive branch, defined in § 2(4) as "an officer, officer-elect, candidate for, or employee of any state agency, department, or office in the executive branch of government." (emphasis added)

The particular authority about which you inquire is the Lavaca-Navidad River Authority authorized by § 59 of Article 16 of the Constitution and created by statute found as Article 8380-131, V. T. C. S., both of which declare the Authority to be a "governmental agency and body politic and corporate, with the powers of government and with the authority to exercise the rights, privileges, and functions" conferred upon it by law. Clearly those functions are executive in nature and whether the general manager of the Authority is exempt from the Lobby Control Act registration requirement depends upon whether the Authority is a "state agency, department, or office" in that branch.

In other contexts "state agency" may be limited to those agencies exercising powers state-wide. See, for example, the definition of the Ethics Act, Article 6252-9b, § 2(8). On the other hand, school districts, for example, have been held to be state agencies. Love v. City of Dallas, 40 S. W. 2d 20 (Tex. 1931); National Surety Corporation v. Friendswood Inc. School District, 433 S. W. 2d 690 (Tex. 1968); Attorney General Opinion H-104 (1973). It is our opinion therefore that "state agency" applies to governmental bodies exercising the powers of the State including the Lavaca-Navidad River Authority, and that the general manager of that district is excepted from the registration requirements of § 3 of Article 6252-9c, V. T. C. S.

## SUMMARY

Article 6252-9c, V. T. C. S., excepts from the requirement that persons seeking to communicate directly to influence legislative action must register, county judges, county commissioners, county attorneys

and general managers of conservation districts created under Article 16, § 59, of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee