September 3, 2009

The Honorable Edmund Kuempel
Chair, Committee on Licensing &
   Administrative Procedures
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0738

Re: Whether an individual may simultaneously serve as a member of a school district board of trustees and as a principal of a disciplinary alternative program that serves several school districts   (RQ-0788-GA)

Dear Representative Kuempel:

You ask whether "an individual [may] serve as a principal of a disciplinary alternative education program ("DAEP") campus that serves several school districts as part of a cooperative arrangement while simultaneously serving on the board of trustees of a member district[.]"[1] You explain that the individual about whom you ask is the principal of a campus within the Floresville Independent School District ("Floresville ISD") that, through a cooperative arrangement, serves as a disciplinary alternative education program[2] campus for several school districts. *See* Request Letter at 2. You explain further that the Nixon-Smiley Consolidated Independent School District ("Nixon-Smiley CISD") is one of the school districts participating in the cooperative. *See id.* You tell us that the principal of the DAEP campus in the Floresville ISD resides in the Nixon-Smiley CISD and wishes to run for a place on the Nixon-Smiley CISD Board of Trustees. *See id.* at 1.

You do not provide the contract governing the cooperative arrangement between the school districts, nor do you provide information about any of its specific provisions. *See id.* at 1–3. Thus, our opinion is limited to the facts as you provide them. You tell us that the Nixon-Smiley CISD Board of Trustees votes on the contract governing its participation in the cooperative but does not have an employment contract with the principal of the DAEP campus. *See id.* at 2. You also inform us that the principal's employment contract is with the Floresville ISD and that, while some Nixon-Smiley CISD employees work directly with the principal, no one from the Nixon-Smiley CISD

---

[1]*See* Request Letter at 3 (*available at* http://www.texasattorneygeneral.gov).

[2]The Education Code requires each school district to provide a disciplinary alternative education program and authorizes, and sometimes requires, a student engaging in specified conduct to be removed from class and placed in a DAEP. *See e.g.*, TEX. EDUC. CODE ANN. §§ 37.006 (Vernon 2006) (requiring and authorizing removal of student for certain conduct), 37.008(a) (Vernon Supp. 2008) (requiring each school district to provide a DAEP). The Education Code authorizes school districts to provide a DAEP jointly with one or more other districts. *See id.* § 37.008(d). We find, however, no statute, case law, or administrative rule that fully details the relationship between districts that provide a DAEP jointly.

evaluates or supervises the principal.[3] *See id.* Absent any information from the contract, and because by statute a school district appoints and employs its own principals, we assume that the Nixon-Smiley CISD has no authority to employ the DAEP campus principal. *See* TEX. EDUC. CODE ANN. § 21.002(a) (Vernon 2006) (providing that a school district employs its principals). You do, however, note that "[a]s in any school setting, circumstances such as disciplinary appeals or other parent or student complaints could arise to bring the actions or decisions of the DAEP campus principal into question by the Nixon-Smiley CISD Administration or the Board of Trustees." Request Letter at 2. With this background you present your query concerned specifically about the provisions of article XVI, section 40, Texas Constitution, and the common-law doctrine of incompatibility.

Article XVI, section 40, provides, in relevant part, that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument."[4] TEX. CONST. art. XVI, § 40(a). The office of school board trustee is not a civil "office of emolument" under article XVI, section 40, because it is an uncompensated position. *See* TEX. EDUC. CODE ANN. § 11.061(d) (Vernon 2006) ("The trustees serve without compensation."); *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) ("An 'emolument' is a pecuniary profit, gain, or advantage."); *see also* TEX. EDUC. CODE ANN. § 13.155 (a), (d) (Vernon 2006) (providing that a "consolidated district is an independent school district" and that the "powers, duties, and terms of office of the trustees are governed by Chapter 11"); Tex. Att'y Gen. Op. Nos. GA-0224 (2004) at 1, LA-114 (1975) at 2. Thus, article XVI, section 40, is not implicated here and does not serve as a bar in the circumstances you describe.

The common-law doctrine of incompatibility generally prohibits a person from holding two positions where one might impose its policies on the other or subject it to control in some other way. Tex. Att'y Gen. Op. No. JM-129 (1984) at 1. There are three aspects to the doctrine of incompatibility: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0224 (2004) at 2. The self-appointment aspect prohibits "an individual from 'appointing himself to another public position.'" Tex. Att'y Gen. Op. No. GA-0688 (2009) at 1 (quoting Tex. Att'y Gen. Op. No. GA-0488 (2006) at 2). The self-employment aspect, "which derives from the self-appointment aspect of incompatibility, prevents one person from holding an office and an employment that the office supervises." Tex. Att'y Gen. Op. No. GA-0214 (2004) at 3. The fundamental consideration under the self-employment aspect is the supervision of the subordinate employment by the office. Tex. Att'y Gen. Op. Nos. GA-0536 (2007) at 4, JC-0371 (2001) at 2–3. Considering the circumstances you describe and our assumption based on statutes concerning the authority of the Nixon-Smiley CISD Board of Trustees over the Floresville ISD campus principal,

---

[3]We accept the facts that you have submitted as true. *See* Tex. Att'y Gen. Op. No. JM–682 (1987) at 2 (stating this office makes no findings of fact and "merely accept as true the facts" presented in the request letter). In the event the cooperative contract between the school districts provides that the participating schools have supervisory authority over the DAEP campus, our opinion could change.

[4]There is no longer any distinction between a civil office and a public office. *See Tilley v. Rogers.*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.) ("We see no difference in the meaning of public office and civil office."); *see also* Tex. Att'y Gen. Op. Nos. GA-0214 (2004) at 2, JM-480 (1986) at 1, MW-415 (1981) at 2 (term "civil office" used interchangeably with "public office").

we do not see that the Nixon-Smiley CISD appoints or employs the DAEP campus principal in the Floresville ISD. *See* TEX. EDUC. CODE ANN. § 21.002(a) (Vernon 2006) (providing that a school district employs its principals); Tex. Att'y Gen. Op. No. DM-55 (1991) at 3 (A school board member's "employment by a different [school] district would not put him in the position of working for himself"); *supra* note 3; *see also* Tex. Att'y Gen. Op. No. GA-0688 (2009) at 1 (stating that "[b]ecause neither the police chief nor the city council appoints or employs the other, the self-appointment and self-employment strands . . . are not applicable"). Accordingly, we conclude that the self-appointment and self-employment aspects are not applicable here. However, should the cooperative contract provide the participating school districts with supervisory authority over the DAEP campus, our opinion could change.

The conflicting loyalties aspect applies only when the two positions are "offices." Tex. Att'y Gen. Op. No. GA-0402 (2006) at 1–2 (citing *Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W.2d 152, 152–53 (Tex. Comm'n App. 1927, judgm't adopted); *see also* Tex. Att'y Gen. Op. Nos. GA-0214 (2004) at 3–4, GA-0127 (2003) at 3. "[T]he determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740 (Tex. Civ. App.—Galveston 1949, writ ref'd), *disapproved on other grounds, Nat'l Sur. Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690, 693–94 (Tex. 1968). This office has opined that a person is not ordinarily an officer if his or her actions are subject to control by another because the person cannot be said to exercise authority "largely independent of the control of others." Tex. Att'y Gen. Op. No. GA-0688 (2009) at 2 (citing Tex. Att'y Gen. Op. No. GA-0538 (2007) at 2); *see also* Tex. Att'y Gen. Op. No. GA-0393 (2006) at 3–4. Using similar reasoning, a Texas court of appeals has determined that a school superintendent is not an officer because a school superintendent reports to a board of trustees. *See Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 659–60 (Tex. Civ. App.—Eastland 1981, no writ) ("A school superintendent merely performs functions delegated to him by the trustees who do not by such delegation abdicate their statutory authority or control."). In much the same way, a school principal works under the supervision of the school district superintendent. *See e.g.*, TEX. EDUC. CODE ANN. § 11.202(b)(4), (7) (Vernon 2006); *see also* Tex. Att'y Gen. Op. No. DM-132 (1992) at 6 ("We believe that the principal is, therefore, not a public officer [under *Aldine*] for purposes of the nepotism statutes."). Because a school principal is subject to direction from the superintendent and does not act "largely independent of the control of others," we conclude a school principal is not an officer under *Aldine*. Therefore, the conflicting loyalties aspect of incompatibility does not preclude the dual service about which you ask.

In sum, we conclude under the facts as presented in your request that neither article XVI, section 40, Texas Constitution, nor the common-law doctrine of incompatibility prohibits an individual from serving as a principal of a disciplinary alternative education program campus that serves several school districts as part of a cooperative arrangement while simultaneously serving on the board of trustees of a member district.

## S U M M A R Y

In the particular circumstances you provide, neither article XVI, section 40, Texas Constitution, nor the common-law doctrine of incompatibility prohibits an individual from simultaneously serving as a principal of a disciplinary alternative education program campus that serves several school districts as part of a cooperative arrangement while simultaneously serving on the board of trustees of a member district. This opinion could change under different circumstances wherein the participating school districts had supervisory authority over the disciplinary alternative education program campus.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee