ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 6, 2009

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0688

Re: Whether the police chief of an independent school district may simultaneously serve as a member of a city council of a city that is located within the geographical boundaries of the school district (RQ-0724-GA)

Dear Senator Wentworth:

You ask whether an individual may simultaneously serve as a chief of police of an independent school district and a city council member of a city located within the geographical boundaries of the school district without violating the doctrine of incompatibility.[1]

The common-law doctrine of incompatibility prohibits an individual from "appointing himself to another public position, or from holding both an office and an employment subordinate to the office." Tex. Att'y Gen. Op. No. GA-0488 (2006) at 2; see also Ehlinger v. Clark, 8 S.W.2d 666, 674 (Tex. 1928) (voiding a county contract employing county commissioner as an attorney relying on the rule that officers who have the appointing power are "disqualified for appointment to the offices to which they may appoint"). Because neither the police chief nor the city council appoints or employs the other, the self-appointment and self-employment strands of the incompatibility doctrine are not applicable here.

This common-law doctrine also prohibits an individual from holding two public offices that perform inconsistent or conflicting duties. See Thomas v. Abernathy County Indep. Sch. Dist., 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (concluding that the public offices of school trustee and city aldermen are incompatible because the city aldermen have "various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee[s] performable within its limits"). Attorney general opinions have described this strand of the doctrine as conflicting loyalties incompatibility. See, e.g., Tex. Att'y Gen. Op. Nos. GA-0538 (2007) at 1–2, GA-0328 (2005) at 1–2.

_____

[1]See Request Letter (available at http://www.texasattorneygeneral.gov).

In order for conflicting loyalties incompatibility to apply, however, both positions must constitute "offices." *See Thomas*, 290 S.W. at 153 (concluding that the "offices of school trustee and alderman are incompatible"); *see also* Tex. Att'y Gen. Op. No. GA-0393 (2006) at 2–3 ("The clear message of *Thomas* is that, in order for conflicting loyalties incompatibility to be applicable to a particular situation, each position must constitute an 'office.'"). The decisive factor which distinguishes an officer from an employee, as explained by the Texas Supreme Court in *Aldine Independent School District v. Standley*, is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." 280 S.W.2d 578, 583 (Tex. 1955)[2] (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740–41 (Tex. Civ. App.—Galveston 1949, writ ref'd)).

Relying on the *Aldine* rationale, this office has opined that, in general, an individual whose actions are subject to the control of others is not an "officer." *See* Tex. Att'y Gen. Op. No. GA-0538 (2007) at 2. In particular, this office in Attorney General Opinion GA-0393 advised that a city chief of police—who by statute served at the pleasure of the city's governing body—was "an employee rather than an officer" because "[h]is actions are subject to control and his employment may be terminated at will by the governing body." Tex. Att'y Gen. Op. No. GA-0393 (2006) at 3–4. Accordingly, the opinion concluded that the particular individual was not prohibited by conflicting loyalties incompatibility from simultaneously serving as a member of the board of trustees of an independent school district located within the geographical limits of city. *Id.* at 4.

Based on the statutory provisions applicable to an independent school district, a school district police chief's actions are subject to the control of the district's board of trustees and school superintendent. The authority to govern and manage an independent school district is vested in its board of trustees. TEX. EDUC. CODE ANN. §§ 11.051(a)(1), .151(b) (Vernon 2006 & Supp. 2008). A school district police chief is employed by the board of trustees. *See id.* § 37.081(a) (Vernon 2006) (authorizing board of trustees to "employ security personnel" and "commission peace officers"). The police chief performs the duties for the school district as determined by the board of trustees. *See id.* § 37.081(d) (providing that "district peace officer shall perform administrative and law enforcement duties" as determined by the board). Moreover, the police chief is "accountable to the superintendent" and reports "to the superintendent," who in turn is employed by and reports to the board of trustees. *Id.* § 37.081(f); *see also id.* § 11.201(a)–(b) (Vernon Supp. 2008) (authorizing board of trustees to employ a school superintendent, who is "the educational leader and chief executive officer of the school district"); *Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 660 (Tex. App.—Eastland 1981, no writ) (concluding that a school superintendent is an employee or agent of the board of trustees and not an officer for the purposes of nepotism statutes). Under these provisions, the police chief is subject to the control of others—the school superintendent and the board of trustees—and cannot be said to exercise authority "largely independent of the control of others." He is thus an employee rather than an "officer" under the standard established by *Aldine* and followed by this office. Consequently, the police chief position is not an "office" to which the conflicting loyalties incompatibility doctrine applies.

---

[2]*Disapproved sub nom on other grounds by Nat'l Sur. Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690 (Tex. 1968).

## S U M M A R Y

The common-law doctrine of incompatibility does not bar an individual from simultaneously serving as the chief of police of an independent school district and as a city council member of a city located within the geographical limits of the school district.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee