## Commonwealth *v.* Esayian, Appellant.

Argued September 24, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Emanuel H. Klein,* for appellant.

*Donald W. VanArtsdalen,* District Attorney, for appellee.

OPINION BY RHODES, P. J., November 13, 1956:

Appellant was charged by information before a justice of the peace with a violation of section 1002, subsection (b), paragraph 6 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §501, in that he operated his automobile at a rate of sixty miles per hour in a fifty mile per hour zone. He waived a hearing and posted bond for appearance before the Court of Quarter Sessions of Bucks County. After hearings before President Judge BIESTER, appellant's motion to quash[1] the information and summary proceeding on the ground that the justice of the peace did not have jurisdiction because he was not "the nearest available magistrate" in the townhip was refused, and appellant was found guilty of the offense charged and directed to pay the costs of prosecution and a fine of $10.

The basic facts are set forth in the opinion of the court below as follows: "At the hearing before us, the

---

[1] See *Com. v. Gill,* 166 Pa. Superior Ct. 223, 227, 70 A. 2d 700; *Com. v. Germsback,* 167 Pa. Superior Ct. 106, 108, 74 A. 2d 489.

arresting officer testified that he attempted to lodge the information before one Justice of the Peace Bourse, but that Bourse, for personal reasons, refused to accept the complaint. The information was then lodged before Justice of the Peace Koehler. The distance between the site of the alleged offense by travelling the main travelled highways . . . and the office of Bourse is approximately one and one-half miles, whereas the distance to the office of Koehler is approximately two and one-eighth miles. Both Justices of the Peace are commissioned in the municipality within which the alleged violation occurred."

Appellant's contention on this appeal is that the magistrate did not acquire jurisdiction under section 1201 (a) of The Vehicle Code, as amended, 75 PS §731, as he was not "the nearest available magistrate" within the township notwithstanding that the nearest magistrate had refused to accept the complaint. Appellant therefore asks that the judgment and sentence of the Court of Quarter Sessions of Bucks County be reversed and that he be discharged.

The argument of appellant is to the effect that although Justice of the Peace Bourse refused to accept a complaint or information against appellant he was "the nearest available magistrate," and that the inability of the officer to bring an action before that magistrate nevertheless precludes enforcement of the law. Certainly a justice of the peace may become incapacitated or may properly disqualify himself for various legitimate reasons. It is impossible to conclude that such circumstances would prevent the prosecution of violations of the law. We think a justice of the peace, the same as any judge of a court of record, should disqualify himself because of interest or where he could not proceed with impartiality. Where there has been

such a disqualification by a justice of the peace he ceases to be an "available" magistrate. If he is not able or willing to exercise the duties of his office he is not available. "Available" means "capable of being made use of, at one's disposal, within one's reach." Any other construction would produce an absurd and unreasonable result and permit The Vehicle Code to be violated by collusion or with impunity. *Com. v. Gill,* 166 Pa. Superior Ct. 223, 229, 70 A. 2d 700.

If a magistrate improperly disqualifies himself and thus seeks to avoid the performance of the duties of his office, there may be a remedy; but a violator of the law may not avoid prosecution because of the disqualifying action of the magistrate.

Judgment is affirmed.