## Commonwealth v. Slawter

6

*Howard R. Berninger*, District Attorney, for Commonwealth.

*Horace W. Vought*, for defendants.

KREISHER, P. J., April 3, 1959.—A duly elected and acting constable of the township of Scott, this county, has furnished himself with a policeman's uniform, badge and gun and entered upon the performance of the duties of his office with ambitious vigor to the end that he uses his own private automobile to patrol the new three-lane Route 11 passing through the township during the late hours of night on the theory that the Pennsylvania State Police Substation at Bloomsburg, which is manned by no less than 11 policemen, is insufficient to patrol said highway. And therefore, on the morning of June 4, 1958, at approximately 1 a.m. daylight saving time, he followed the above captioned defendants who were operating tractor-trailer units, one following the other between 400 and 500 feet through the township, and eventually stopped both units on the Main Street of Bloomsburg near the Capital Theater.

He immediately demanded that the operators park their units and accompany him in his car to a justice of the peace, who had to be aroused from his sleep in the village of Lightstreet, where he charged defendants with traveling at a speed of 60 miles per hour in a 40-mile an hour speed zone.

Both defendants, being desirous of continuing on their trip with their loads of merchandise posted bond in double the amount of the fine and costs and waived hearing in accordance with the provisions of The Vehicle Code.

Defendants were not furnished a copy of the information nor was an information lodged against defendants while they were present in the office of the justice of the peace, but on June 24, the justice returned an information and transcript to the clerk of the courts and also on said date mailed a copy of the information to defendants.

The district attorney set the matter down for hearing on Monday, July 7th, at which time defendants appeared with counsel who, before the taking of the testimony, moved that prosecutions be quashed because defendants were not taken to the nearest available justice of the peace which was in Espy instead of Lightstreet, that they were not furnished a copy of the information as required when an arrest is made on view, that the officer making the arrest, not being a member of the Pennsylvania State Police, had no authority to arrest on view and because a transcript of the proceedings was not returned to the court within 15 days following the proceedings had before him.

The court reserved its decision on this motion and proceeded to take testimony, which has now been transcribed and filed, and the matter is before us for disposition, it being agreed that the testimony be used in the disposition of both cases.

The officer testified that he followed defendants' tractor-trailer units in the Township of Scott and clocked them for a distance of 7/10 of a mile, at which time they were traveling, according to his speedometer which had been checked for accuracy within 30 days prior to said offense, at a speed of 60 miles per hour.

Both defendants testified that they were traveling together from Wilkes-Barre, their loading terminal, to Akron, Ohio, that their units contained a governor which would not permit them to exceed 56 miles per hour, and at the time of the alleged violation they were traveling between 400 and 500 feet apart at the approximate speed of 32 miles per hour.

Defendants testified that they did not demand to be taken immediately before a justice of the peace. On the other hand, they had no alternative as the officer ordered them to park their trucks and get in his 1950 Oldsmobile and accompany him to the office of the justice of the peace, which they admit doing because they say they had no alternative in the matter.

Now, taking up the first objection that the officer did not take defendants before the nearest available justice of the peace, we find that the 1957 legislature made no less than three amendments to article XII, sec. 1201, of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §731, for the purposes of the question here involved. All of the amendments contain identical language, to wit:

"(a) Informations, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred . . . ; where there is no substantial difference between the respective distances from the place where the alleged violation occurred . . . to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates. . . ."

The testimony in this case indicates that the nearest available magistrate, a Mr. Creasy, had previously told this particular officer he would not entertain his prosecutions, and the testimony further indicates that the distance from the township limits on Route 11 where the alleged violation occurred is approximately the same to both offices, and therefore under the act and the circumstances here existing, we are of the opinion that the office of the justice in Lightstreet was the nearest available magistrate.

In the case of Commonwealth v. Esayian, 182 Pa. Superior Ct. 146, where it appeared that the arresting

officer attempted to lodge an information charging defendant with a violation of The Vehicle Code before a justice of the peace who was the nearest to the scene, and that this justice refused for personal reasons to accept the complaint whereupon the information was then lodged before another justice of the peace who was about a half-mile away, it was held that the magistrate before whom the information was lodged had jurisdiction because he was the nearest available justice of the peace on the ground that available means "capable of being made use of, at one's disposal, within one's reach. Any other construction would produce an absurd and unreasonable result and permit The Vehicle Code to be violated by collusion or with impunity": Commonwealth v. Gill, 166 Pa. Superior Ct. 223.

Section 1202 of said code, 75 PS §732, provides:

"(a) Summary proceedings under this act may be commenced as provided in section 1201(c) or by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered or certified mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

Section 1201(c), 75 PS §731, provides:

"(c) Any salaried police officer, excluding any person compensated solely or in part by fees, who shall be a member of a police department organized and operating under the authority of cities of the first, second and third class, borough, incorporated town or township of the first class, when in uniform and exhibiting his badge or other sign of authority, whenever a summary offense as described in this act is

committed in his presence, shall be vested with the authority to stop and present to the alleged offender a printed notice to appear before the nearest available magistrate or in cities or cities of the second class, any magistrate sitting in the central traffic court. The notice shall have the full force and effect of a summons issued in the name of the Commonwealth. The notice to appear shall bear the name and address of the alleged offender, the license number and type of vehicle or other means of identification, if a pedestrian, the nature of the offense charged, the location, date and time when and where the alleged offense took place, and shall be signed by the police officer issuing the notice, and shall bear his number, and date and time for the appearance of the offender before the nearest available magistrate having jurisdiction over summary offenses as defined by this act. The date and time for appearance shall be not less than five (5) days nor more than fifteen (15) days of the date of the alleged offense. Within twenty-four hours after presenting to the alleged offender, the printed notice, as provided herein, the police officer shall file a sworn information charging the violation of the specific summary provisions of this act, with the court having jurisdiction under this act."

Subsection 1 of section 1202 above cited provides:

"1. If the person named in the information or in the notice provided for in section 1201 (c) shall not voluntarily appear within ten (10) days of the date of the written notice or at the date and time stated in the notice provided for in subsection (c) of section twelve hundred one of this act, a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed."

The remainder of section 1202 provides for the deputization of a police officer to serve the warrant in

counties other than where the alleged violation occurred, and for the taking. of defendant before the proper authority to post bail for his appearance.

From what we have before related, neither of these authorized modes of procedure were followed by this officer, as he admits he made an, arrest on view and demanded that defendants accompany him to the office of the justice of the peace.

Section 1203 of said code, 75 PS §733, provides:

"(a) Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating any of the provisions of this act, where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person, and such peace officers shall forthwith make and file with the magistrate, before whom the arrested person is taken, an information setting forth in detail the offense, and at once furnish a copy thereof to the person arrested."

, It is obvious from the facts in this case that the offense designated is speeding and merely a summary offense, and therefore it is not an offense designated as a felony or a misdemeanor or one causing or contributing to an accident resulting in injury or death to any person, and it therefore follows that this offense did not justify an arrest on view being made by this particular officer.

Section 1211 of said code, 75 PS §741, provides that employes of the Commonwealth designated as Pennsylvania State Policemen are declared to be peace officers and given police power and authority throughout the Commonwealth to arrest on view, when in uniform, but this act does not include constables or other peace officers not designated as Pennsylvania State Policemen.

In the case of Commonwealth v. McNamara, 47 York 44, it appears that defendant was arrested at 11 p.m.

on two charges, for operating a car without an official inspection sticker and for operating a car without license plates.

The officer immediately took defendant before a justice of the peace where defendant pleaded guilty and paid a fine of $10 and costs on each offense.

Thereafter an appeal was allowed and the court in dismissing the case said.:

". . . we are therefore of the opinion that the whole proceeding in this case on the part of the officer was rather drastic and uncalled for.

"It is true the transcript shows the defendant as having plead guilty. The transcript, however, is not evidence. The defendant should at least have had a reasonable time to answer the charges against him, instead of having been required to answer immediately upon his arrest in the middle of the night.

"We are of the opinion that the magistrate did not acquire jurisdiction of the case, and therefore the whole proceedings are dismissed."

In the case of Commonwealth v. Caplan, 31 Westmoreland 211, it was held that a defendant who waives a hearing of a summary conviction charge before a magistrate or justice of the peace may question the regularity of the proceedings in the court of quarter sessions, and in this case where it appeared defendant was arrested on view at his home after having been clocked for speeding by members of the Pennsylvania State Police on the Pennsylvania Turnpike, it is stated on page 213 that:

"In all of our cases the Courts have decided that the Vehicle Code should be construed strictly and that a defendant, who waives a summary hearing before a justice of the peace and enters bail for court under the provisions of the Act, may thereafter question the regularity of the proceedings and the jurisdiction of the justice.

"Without entering into a discussion of the merits of the case, we are of opinion that the motion of the defendant to dismiss the charges should be sustained.

"In Chockla v. Commonwealth, 18 Westmoreland Law Journal 190, Judge Whitten said, quoting from page 191: 'Under the provisions of The Vehicle Code of 1929, arrest on view may be made only in cases where the offense is designated a misdemeanor or felony, and not in the case of a violation punishable by summary conviction. Punishment by summary conviction for a violation of The Vehicle Code of 1929 must be on information brought within fifteen days after the commission of the alleged offense, and notice must be served within seven days thereafter to appear before the magistrate within ten days.' We are of the opinion that the record of the Magistrate and the proceedings in the instant case are in violation of The Vehicle Code and cannot be approved. Therefore, we think the motion of the defendant to dismiss the charge should be sustained."

We are not unmindful of the cases following the case of Commonwealth v. Burall, 146 Pa. Superior Ct. 525, which held where a defendant waives a hearing and takes an appeal to the quarter sessions court, he cannot successfully attack the magistrate's record on purely procedural irregularities which do not affect the jurisdiction of the justice. Irregularities of this nature must be attacked before appearance by way of certiorari to the court of common pleas.

However, the same case held that an objection to the jurisdiction of the court is not waived by entering an appearance, the general rule being stated as follows: "The rule that consent cannot give jurisdiction applies only to jurisdiction of the cause of action of such matter, not to jurisdiction of the person or jurisdiction based on matters of procedure."

In this case defendants were given no alternative. The officer demanded that they accompany him to the office of the justice of the peace and the only way they could continue on their journey was to waive a hearing and give bail for their appearance before the quarter sessions court or to pay the fine and costs which the justice was ready to impose.

This involuntary appearance on the part of defendants under these circumstances in our opinion did not waive this defect because it is not a mere procedural defect, but it is a defect contrary to The Vehicle Code and without any authority so that the proceedings are void ab initio.

Since we have concluded that the justice of the peace had no authority and that the proceedings must be dismissed, we do not think it necessary to discuss the propriety of the failure of the justice to furnish defendants with a copy of the information at the time of their arrest as provided in the above-quoted act when an arrest on view is permissible, which incidentally, we find to be a necessary requirement where the proceedings are brought under that section and fully authorized, nor need we discuss the failure of the justice to return the transcript of the proceedings to the clerk of the courts within 15 days following the proceedings had before him. The record here clearly indicates that the transcript was not returned until June 24th, which is 20 days after the proceedings had before him, and contrary to that section of the code which provides:

"(b) Any person charged with violating any of the summary provisions of this act may waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, for appearance for trial before a judge of the court of quarter sessions, or in the county court, or in the municipal court, in counties wherein such court exists, and thereupon the magistrate shall, within fifteen (15)

days, return the information to the said court": Subsection (*b*), section 1204 of article XII, of The Vehicle Code, supra, 75 PS §734.

Therefore, without further comment, we conclude that the entire proceedings in this case are null and void because the officer does not under the code have the authority to arrest on view where the offense is designated merely a summary offense, and therefore, in his zealousness to institute prosecutions, we advise that he follow the code by filing his information before a justice of the peace who shall then notify defendants in accordance with the act.

### *Order*

And now, to wit, April 3, 1959, the above-captioned case is dismissed and the costs are placed upon the County of Columbia, and the bail posted by said defendant shall forthwith be returned to defendant.