Fred F. ALLEN et al., Appellants,

v.

CHANNELVIEW INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 3829.

Court of Civil Appeals of Texas.

Waco.

May 4, 1961.

Rehearing Denied June 1, 1961.

Billy E. Lee, Houston, for appellants.

Knipp & Associates, Ernest A. Knipp, Liddell, Austin, Dawson & Higgins, Dwight H. Austin, Houston, for appellees.

WILSON, Justice.

By appeal from order refusing temporary injunction, appellants challenge constitu-

tionality of Art. 2786e, Vernon's Ann. Tex. Stats. (Acts 1953, 53rd Leg., p. 1038, ch. 427), on the grounds it contravenes Section 3 of Article VII of the Constitution of Texas, Vernon's Ann. St.

Appellee school district issued time warrants under Art. 2786e, on which funds were borrowed from appellee bank. Appellants seek to enjoin payment of two of the warrants in the sum of $5000 each, alleging that the indebtedness was not to be repaid from current revenues of the district, but was a deficiency debt to be paid from revenues of future years; and that the payment would constitute illegal expenditure of tax funds contrary to the Constitution. As premise for their position, it is submitted that the statute in question does not authorize levy or collection of taxes for payment of the warrants; that school districts are authorized to levy bond and maintenance taxes only by vote of the qualified electorate; that time warrants represent a deficiency debt which may not be a charge upon maintenance taxes.

No question is raised as to formal sufficiency of the warrants or as to compliance with the statute in their issuance.

Appellants summarize their contention as being that the statute "authorizes the issuance of time warrants payable from taxes, with no election by the qualified property taxpaying voters authorizing the levy and collection of taxes for such payment as required by Section 3 of Article VII of the Constitution of Texas", and that previous maintenance tax elections authorized levy and collection of taxes for maintenance only for a current year. All parties agree that the question for determination is whether Art. 2786e is unconstitutional in the respects presented.

These are the material portions of Section 3 of Article VII to which appellants point, which for clarity we quote out of context:

"*  *  * provided, however, that should the limit of taxation herein named be insufficient the deficit may be met by appropriation from the general funds of the State and the Legislature may also provide for the formation of school districts by general laws *  *  * and the Legislature shall be authorized to pass laws for the assessment and collection of taxes in all said districts and for the management and control of the public school or schools of such districts *  *  * and the Legislature may authorize an additional ad valorem tax to be levied and collected within all school districts *  *  * for the further maintenance of public free schools *  *  *; provided that a majority of the qualified property taxpaying voters of the district *  *  * shall vote such tax *  *  *".

Art. 2786e provides in effect that districts in need of funds for specified purposes, including repair, purchase, renovation and equipment of school properties, may issue interest bearing time warrants if the district is financially unable to pay therefor "out of current available funds", and that the warrants "shall upon maturity be payable out of any available funds of such school district." It places restrictions, not regarded as material here, on power to issue; and in effect, pledges delinquent taxes (except bond taxes), penalties and interest to payment of outstanding warrants.

Appellants cite these cases in support of their argument the statute is unconstitutional as authorizing a debt payable out of funds other than those of the current year: Collier v. Peacock, 1900, 93 Tex. 255, 54 S.W. 1025; City State Bank in Wellington v. Wellington, Independent School District, 1944, 142 Tex. 344, 178 S.W.2d 114; Campbell v. Jones, 1954, 153 Tex. 101, 264 S.W.2d 425; Stephenson v. Union Seating Co., 1901, 26 Tex.Civ.App. 16, 62 S.W. 128 (writ ref.); Templeman Common School Dist. No. 1 of Brazos County v. Boyd B. Head Co., Tex.Civ.App. 1937, 101 S.W.2d 352 (no rehearing). We have examined each. None of them involves any question as to constitutionality; each simply construes a statute which was claimed to have authorized payment of a

debt, as not so authorizing it; or construes a statute relied on to constitute a limitation of power; or holds that in the fact situation considered there was no authorizing statute in existence. Most of these cases construe Art. 2749, which with Art. 2827, expressly prohibits creation of deficiency debts for teachers' salaries. We do not find the Constitution referred to in any of these cases except that of Templeman, and then only in aid of statutory construction. It is to be observed that all these cases were decided on facts arising before any legislation authorizing time warrants was enacted, and at a time when there was none which authorized debts to be created unless the debt was to be paid from funds available for the current year.

We are unable to find language in Art. VII, Sec. 3 which can be read to prohibit legislative authorization of time warrants. There is certainly no express restriction. In Lytle v. Halff, 75 Tex. 128, 12 S.W. 610, 611, Chief Justice Stayton, in holding that an intention to restrict the power of a state legislature further than is done by express limitation is not to be presumed, said, "when it is claimed that this is done by implication, those so claiming ought to be able to point out the provision or provisions of the constitution which require such implication to give effect to the will of the people evidenced by the entire instrument." The Supreme Court reiterated the canon in Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641, 645: "In order to strike down any provision of this Act the court must be able to point to some specific section of the Constitution which condemns it."

█ The Act here involved, to our minds, simply evidences modification of the existing public policy of the state. "Subject to constitutional limitations, however, that policy may be changed by the Legislature at any time." State v. City of Austin, Tex.Sup., 331 S.W.2d 737, 741.[1]

█ As we understand appellants' reasoning, they think the statute is violative of Article VII, Section 3 because the statute makes no provision for the levy of a tax in payment of warrants. We find nothing in the Section which prohibits the Legislature from making the warrants payable from "any available funds." They say deficiency debts cannot be made a charge on proceeds of maintenance taxes. We find no such limitation in Section 3. They contend the statute unconstitutionally authorizes issuance of warrants payable from taxes without an election at which the tax is voted. If by this is meant a special election at the time the warrants are issued, Section 3 does not require it, and there is no contention maintenance taxes "available" were not properly voted.

In our opinion Art. 2786e does not contravene Art. VII, Sec. 3 of the Constitution in the respects urged. The judgment is affirmed.

[1] Elsewhere it appears the organic law, in dealing with deficit financing, expressly and unequivocally prohibits it where it means it to be prohibited. For example, Article XI, Section 5 fixes an express limitation on cities that "no debt shall ever be created by any city, unless at the same time" a sinking fund be created. See Wheeler v. City of Brownsville, 148 Tex. 61, 220 S.W.2d 457. Section 7 of the same Article places a similar express limitation on the power of counties. See also Article III, Sec. 52d; Article XI, Sec. 10; Article XVI, Section 59(c), and Brown County Water Improvement Dist. No. 1 v. Austin Mill & Grain Co., 135 Tex. 140, 138 S.W.2d 523; Art. III, Sec. 48-d, Sec. 52. These provisions, of course, are not applicable to school districts.

The cases relied on by appellants are, for the most part, those holding that under Art. 2827, no loans for teachers' salaries could be payable out of funds other than for the current year. This was so because the statute—not the Constitution—said so. It may also be noted in considering those cases that in 1934 the Legislature amended Art. 2827 by adding thereto Section 3, which authorized execution of negotiable or non-negotiable notes for site acquisition and construction, and empowered certain districts to commit funds for the current "or subsequent years" in payment thereof.