## Commonwealth v. Tremblay

*C. H. Nicholson*, for appellant.

*S. F. Bonavita*, for Commonwealth.

FLICK, P. J., April 3, 1964.—On information of Trooper Richard L. DiSimone of the Pennsylvania State Police, defendant Arden M. Tremblay was charged with violation of section 1012 (a) of The Vehicle Code of April 29, 1959, P. L. 58, on December 16, 1963, on a public highway in Pleasant Township. Defendant waived a hearing before the justice of the peace and filed bond for trial before a judge of the court of quarter sessions.

At the hearing, defendant's counsel presented a motion to quash the complaint on the ground, inter alia, that the court was without jurisdiction because the alleged violation occurred in Pleasant Township and the information was filed before a justice of the peace in Conewango Township, who was not the nearest available magistrate (sec. 1210). Ruling on the motion was reserved and the court heard testimony as to the alleged violation.

After hearing testimony, and a summation by counsel during which counsel for defendant renewed his motion to quash, the court found that the facts indicated a violation of section 1012 (a) and that defendant

would be adjudged guilty unless the court found that it lacked jurisdiction.

Pleasant Township, where the offense occurred, lies south of and adjoining Conewango Township, where the information was filed, the boundary between the two townships being the Allegheny River. Warren Borough, in which there is a justice of the peace, adjoins both townships on the east. On December 16, 1963, there was no justice functioning in Pleasant Township, the justice who maintained his office there having resigned. The justice nearest to the place where the offense was committed, on a straight line and without regard to highways, is the justice in Conewango Township before whom the information was filed. However, there is no bridge across the Allegheny River at this point and in order to travel from the place where the violation occurred to the office of the justice in Conewango Township, one must go west to the bridge across the river near Irvine, or by a shorter route east to Warren Borough and cross the river there. The shorter route passes within a block of the office of a justice of the peace in Warren Borough. Therefore, the justice in Conewango Township was the nearest available justice to the point of violation by measurement in a straight line without regard to highways, but the justice of the peace in Warren Borough was the nearest by the ordinary means of travel. The question is therefore presented as to which justice was the "nearest available magistrate."

No appellate court case on this point can be found but the law seems to be clearly set forth in the case of Commonwealth v. Hildebrand, 85 D. & C. 43 (1953). In that case the offense occurred in Mahoning Township, where there was no duly qualified or acting justice of the peace, and the information was filed before a justice in Valley Township. In order to reach the justice of the peace in Valley Township from Mahoning

Township, travelling by road, it is necessary to pass through the Borough of Danville, within a block or two of the justices of the peace maintaining offices in said borough. Counsel for defendant filed a motion to quash on the ground that the information was not filed before the nearest available magistrate and therefore the court lacked jurisdiction.

In granting the motion to quash, the court said, page 45:

"The information filed in this case sets forth: 'The magistrate being in and for Valley Township in said county being the nearest available magistrate to the place of the violation'. This statement is probably true if we were permitted to use air-line distances from the place of the alleged violation to the office of the justice of the peace, but it is not true if the distance is measured by traveling the main traveled highway. It is our opinion that the words used in the act, 'nearest available magistrate' means nearest by the usual and ordinary method of proceeding to the magistrate's office, and not to use the technical rule of determining that fact by map and airplane distances. There is, as stated, a differential of between two and three miles which under the words of the act seem to be substantial and of sufficient magnitude to not only justify, but to require the court to grant the motion to quash."

In the instant case, as in the Hildebrand case, the officer may have had a reason for not filing the information before the justice in Warren Borough. That justice of the peace hears all cases in connection with motor vehicle violations committed in the Borough and it is possible that this justice might have been too busy to take on a case involving a motor vehicle violation in an adjoining township. If the justice in Warren Borough had refused to take the information, then the justice in Conewango Township would have been the nearest available. See Commonwealth v. Esayian,

182 Pa. Superior Ct. 146 (1956). However, there is no evidence whatsoever on this point and without such evidence it is obvious that the officer did not comply with the law because he did not file the information before the nearest available magistrate. Therefore the motion to quash must be granted and the court makes the following order:

*Order*

And now, April 3, 1964, for the reasons stated in the foregoing opinion, the motion to quash is sustained and the costs are placed upon Warren County.