## Commonwealth v. Black

*Gerald R. Waliner*, District Attorney, for Commonwealth.

*Ronald J. Hagerman*, for defendant.

MacPhail, P. J., March 25, 1967.—Kenneth Black was charged with violating the provisions of section 1002 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1002, in that he operated his automobile on November 30, 1966, on a State highway in Hamilton Township, Adams County, Pa., at a speed of 85 miles per hour. The information was filed before David E. Myers, a justice of the peace in and for Reading Township, Adams County, Pa. Attached to the transcript is a motion to dismiss charge filed by defendant which attacks the jurisdiction of the justice of the peace. The justice of the peace, nevertheless, found defendant guilty, and defendant has taken an appeal from his conviction to the court of quarter sessions.

At the hearing before this court, defendant admitted the violation, but moved to quash the information on the grounds that: (1) Justice of the Peace Myers did not have jurisdiction of the case because there was a justice of the peace in Hamilton Township, and (2) if there was not an available justice of the peace in Hamilton Township, the information is fatally defective because it does not set forth the fact that there was no available justice of the peace in Hamilton Township.

Reading Township adjoins Hamilton Township in Adams County. Mr. Myers was the nearest available justice of the peace if there was no justice of the peace in Hamilton Township. At the hearing before this court, the testimony revealed that one Boyd Sieg was duly appointed a justice of the peace for Hamilton Township on November 14, 1966, and that he took his oath of office on November 29, 1966. The officer who brought the charge against defendant testified that he contacted Mr. Sieg concerning this offense, but

that Mr. Sieg told him (the officer) he had not yet received his official seal, that he was not open for business and that he would not take any business until January 1, 1967. Mr. Sieg was called as a witness for the Commonwealth, and he corroborated the officer's testimony in every respect. In view of these circumstances, the officer then laid the charge before David E. Myers in Reading Township as the "nearest available magistrate".

The Act of April 29, 1959, P. L. 58, sec. 1201, as amended, 75 PS §1201, provides that information charging violations of any of the summary provisions of The Vehicle Code "shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred" except that "if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest available magistrate in any adjoining city, borough, incorporated town or township".

As to defendant's first contention, that there was a justice of the peace holding office in Hamilton Township and that, therefore, the case could not be brought elsewhere, we hold that the contention is without merit. In the case of Commonwealth v. Gill, 166 Pa. Superior Ct. 223 (1950), there were two justices of the peace in the township where the violation occurred, but neither was active in the conduct of the business of the office of the justice of the peace. The information was laid before a justice of the peace in an adjoining township. It was held that a true and fair construction of the act of 1959, supra, was that where no person was "actively exercising the duties" of magistrate in the municipality where the offense occurred, the information might properly be filed with the nearest available magistrate in an adjoining municipality. In Commonwealth v. Esayian, 182 Pa. Superior Ct. 146

(1956), the Commonwealth attempted to lodge the information before the nearest available justice of the peace in the municipality where the violation occurred, but that justice of the peace refused to take the case. The Commonwealth then went to the next nearest available justice of the peace. The court there held that this was proper and that the word "available", as used in the act of 1959, supra, means "capable of being made use of, at one's disposal, within one's reach": page 149. In the present case, the officer had no recourse but to do what he did. If Mr. Sieg was unable or unwilling to exercise the duties of the office, he was not "available", and the officer was justified in bringing the charge before the nearest available magistrate in Reading Township.

Defendant's second contention is based upon the holding in the case of Commonwealth v. McClimans, 11 D. & C. 2d 477 (1957), to the effect that if the information is brought before a justice of the peace in a municipality other than that in which the violation occurs, the information must set forth the "jurisdictional fact" that no person held the office of justice of the peace in the municipality where the violation occurred. In accord are the cases of Commonwealth v. Williams, 62 Montg. 123 (1946) and Commonwealth v. Hunt, 22 D. & C. 2d 652 (1960). (It will be noted that the Hunt case was decided on a writ of certiorari rather than an appeal to the court of quarter sessions.) However, we are not bound by these decisions. Furthermore, we are impressed and persuaded by the able opinion of Judge Mook in Commonwealth v. Mosier, 22 D. & C. 2d 258 (1960), which came to an exactly opposite conclusion upon this question. In holding that such an allegation was unnecessary in the information, Judge Mook pointed out that the Mosier case, supra, was based upon the Williams case which, in turn, was based upon the case of Common-

wealth v. Bedding, 38 D. & C. 103. The Bedding case actually held that the *transcript* should show affirmatively that there was no justice of the peace in the municipality where the violation occurred. We can find no appellate decisions on this question. In the Mosier case, supra, the court said (pages 265-66) that nothing more was required in the information than that it clearly state the facts and the alleged crime and, further, that it is sufficient if the record as a whole discloses the necessary jurisdictional facts. We are in accord. The learned Judge Laub held in the case of Commonwealth v. Petrunger, 45 Erie 54 (1960), that it was not even necessary to allege in an information that the magistrate before whom the information is laid is the nearest available one, because section 1201 of The Vehicle Code is "not a limitation on jurisdiction, but rather is a venue provision affecting the magistrate's power to act": page 56. We concur with this interpretation of the statute.

There is still a further reason why defendant's second contention must fail. Upon an appeal from a decision by the justice of the peace to the court of quarter sessions, the cause is decided on its facts and merits only, assuming, of course, that the justice had jurisdiction: Pennsylvania Valentine-Binns "Justice", ch. 19, 40. In the present case, we hold from the testimony given before us that Justice of the Peace Myers did, in fact, have jurisdiction. Therefore, defendant cannot now attack irregularities in the justice's record in an appeal to the court of quarter sessions. Such matters must be raised on certiorari to the court of common pleas: Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941).

And now, March 25, 1967, the motion to quash is overruled and the appeal is denied. Defendant is ordered to appear in court at the call of the District Attorney for sentence.