**GARRISON INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

**v.**

**Leroy McDUFFIE et al., Appellees.**

**No. 276.**

Court of Civil Appeals of Texas.

Tyler.

April 27, 1967.

Rehearing Denied May 11, 1967.

E. G. Aycock, Fort Worth, S. M. Adams, Jr., Nacogdoches, for appellants.

H. L. Edwards, Nacogdoches, for appellees.

DUNAGAN, Chief Justice.

This is an injunction case. Pursuant to Article 2786e, Vernon's Annotated Civil Statutes, the Board of Trustees of the Garrison Independent School District entered into a written contract with McMorries & Company, Inc., a corporation, dated March 2, 1965, to compile taxation data for use by the Board of Equalization, said corporation being deemed to have the special skill and experience to perform such services. McMorries completed its performance of said contract in July, 1965. To pay for the services of McMorries as provided for in said contract, the Garrison Independent School District issued five time warrants in the total sum of $6,000.00 to be paid out of available funds. Each time warrant was in the sum of $1,200.00 per year, bearing interest at the rate of five per cent per

annum, number one being due on or before December 1, 1965, and one warrant due on December 1st each year thereafter, making the last warrant due on December 1, 1969.

On November 24, 1965, the appellees filed this suit. On June 7, 1966, they filed their second amended original petition seeking to enjoin the Board of Trustees of the Garrison Independent School District from paying out any of the school funds of said school district to McMorries & Company, Inc. for its services and especially from paying off and redeeming any of the warrants mentioned in said contract. Appellees in their second amended original petition alleged that such purported contract "is illegal, unlawful, void and of no force and effect, and should be canceled, set aside and held for naught,". Further, that said school district and its Board of Trustees should also be enjoined from paying public school funds to McMorries & Company, Inc. as provided in said contract.

The appellants, the Garrison Independent School District and McMorries & Company, Inc., in their answer to appellees' second amended original petition, among other things, specially denied the allegations in appellees' petition and alleged that the contract is a valid exercise of the powers granted to the Board of Trustees of said school district under the provisions of Article 7212 or Article 2786e, Vernon's Ann.Civ.St. of Texas, and that the warrants issued pursuant to the provisions of said contract conform to the requirements and provisions of said articles of the statutes, and are valid, outstanding obligations of the Garrison Independent School District.

On July 9, 1966, after a full hearing, the trial court entered an order making the temporary injunction theretofore granted permanent. Pursuant to notice of appeal, appellants perfected their appeal from the judgment granting the injunction.

The trial court permanently enjoined the Garrison Independent School District and its Board of Trustees "from paying off, or paying out any of the school funds of said school district to McMorries and Company, Inc., or any other person, any of the school warrants issued and executed as mentioned in said contract, being warrants dated Dec. 1st, 1965 down to and including Dec. 1st, 1969, each in the amount of $1200.-00 aggregating $6000.00;". The trial court further permanently enjoined said Board of Trustees "from levying any tax against any property located in said school district for the purpose of raising funds to be used in paying off any of said school warrants mentioned and described in said contract and as hereinabove described and referred to, as shown by the record in this case."

A stipulation of the facts by the parties with the order of the school board approving the contract and the contract comprise the entire statement of facts in the record.

It was stipulated that no provision was made in the 1964–1965 school budget for the payment of any of the time warrants; that the contract was adopted on March 2, 1965; that the Board of Trustees of Garrison Independent School District levied sufficient taxes for the payment of time warrant number one, which was issued to become due and payable on December 1, 1965; that at all times during the tax school year 1964–1965, there was on hand and available to the school Board of Trustees of the Garrison Independent School District to and including August 31, 1965, sufficient funds to pay time warrant number one, due December 1, 1965.

It was further stipulated that none of the time warrants have been paid; that the Board of Trustees of the Garrison Independent School District will continue to levy a tax to pay the warrants as provided in the contract; that all five warrants provided for in the contract and resolution have been issued as provided for therein.

As a part of the school board's order approving the contract, it levied an annual tax on all the taxable property in the Garrison Independent School District sufficient

to pay said warrants, so long as said warrants, or any of them, or any interest thereon, are outstanding and unpaid.

The record in this case reflects that the warrants were issued to pay an authorized purpose; that they matured in serial installments of less than five years, that the interest from maturity due on such warrants was 5% per annum.

We direct our attention first to appellants' points of error Nos. 1, 2 and 3.

Appellants by their first three points of error contend that the trial court erred:

(1) "In holding that because no funds were provided for in the budget of Garrison Independent School District for the year 1964–1965 for payment for services to be rendered, the contract in question is invalid."

(2) "In adjudging the contract involved to be invalid, notwithstanding the agreed facts show that there was at all times on hand and available to the Board of Trustees of Garrison Independent School District to and including August 31, 1965, sufficient funds to pay Time Warrant No. 1 due December 1, 1965."

(3) "In adjudging the contract to be invalid upon any ground of law."

It is appellees' contention as raised by their brief that Section 5, Article 2786e provides for the payment of the time warrants issued to be paid out of the delinquent taxes collected. Further, that Article 2786e does not provide for the levying of a tax for the purpose of paying the time warrants here involved.

The questions presented on this appeal involve an interpretation of Article 2786e, Vernon's Tex.Civ.St.

Article 2786e provides in effect that any school district in need of funds for specific purposes, including the employing of an individual firm or corporation deemed to have special skill and experience to compile taxation data for use by its Board of Equalization, may issue interest bearing time warrants if the district is financially unable to pay therefor out of current available funds, and that such warrants "shall upon maturity be payable out of any available fund of such school district."

The burden is on the appellees (plaintiffs in the court below) to show the invalidity of the contract and every reasonable and fair intendment should be indulged against such invalidity. Winston v. City of Ft. Worth, 47 S.W. 740 (Tex.Civ. App., 1898, writ ref.).

Section 3 of Article 2786e provides that no interest bearing time warrant may be issued that the payment thereof in any one year will exceed the anticipated surplus income of the district for the year in which the warrant is issued, based on the budget of the district for said year. It also provides that such anticipated income is "The entire expected income of such school district from every source for the year in which such interest-bearing time warrants are issued, less teachers' salaries, bus aid included in the foundation fund, and that part of the local maintenance tax earmarked for salaries and known in the Gilmer-Aiken Law as the economic index or fund assignment." This section of the statute also provides that the anticipated income computation as therein defined shall be exclusive of all bond taxes. Section 3 contains other restrictions not regarded as material here.

The effect and purpose of Section 3 of the statute is to limit the amount of any such warrants that a school district can issue because of the limitation placed on the amount of payment on the warrants in any one year. This section of the statute has been so interpreted by the Attorney General of this state in opinion No. C–197, dated December 19, 1963.

From the stipulations as above set out, it is clear that there was on hand and available to the Board of Trustees of Gar-

rison Independent School District during the school tax year 1964–1965 sufficient funds to pay time warrant number one, in addition to all the other obligations of the school district, therefore warrant number one is valid, although issued in a year during which the budget did not provide for the payment of the same. Of course as to time warrants numbers two to five inclusive, they were not provided for in the budget and could not be but may be (and appellants say they will be) provided for in the budgets of each of the succeeding years during which they were payable. These warrants may be paid out of any available funds of said school district. Article 2786e, Vernon's Ann.Civ.St.; Allen v. Channelview Independent School District, 347 S.W. 2d 27 (Tex.Civ.App., Waco, 1961, writ ref.). Under Section 5 of Article 2786e, they may also be paid out of delinquent tax collection, subject to the limitation imposed by Section 9 of the statute. Article 2786e further provides that "Such warrants shall be entitled to first and prior payment out of any available funds of such district as they become due. Included in such purposes is the payment of any amounts owed by said school districts, which indebtedness was incurred in carrying out any of such purposes."

"Fund" means a sum of money set apart for a specific purpose, or available for the payment of debts or claims. Black's Law Dictionary, Fourth Edition. "Available" means capable of being made use of, at one's disposal or within one's reach. Commonwealth of Pennsylvania v. Esayian, 182 Pa. Super. 146, 126 A.2d 808 (1956); Smith v. Administrator, Division of Employment Security of Department of Labor of State of Louisiana, 95 So.2d 349 (Court of Appeals of Louisiana, Second Circuit, 1957).

■ The Garrison Independent School District has the authority to levy, assess and collect a tax (within prescribed limits) upon all taxable property in said school district sufficient to produce the amount required to make the payments of the warrants provided for in the contract if the warrants meet the other requirements of Article 2786e, i. e., where warrants outstanding do not exceed 1% of assessed valuation of the district and no more than $25,-000.00 of such warrants are outstanding at any one time. White v. Thos. Y. Pickett & Company, Inc., 355 S.W.2d 848 (Tex. Civ.App., 1962, San Antonio, writ ref., n. r. e.); Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 1181, 4 L.Ed.2d 1277; also see Attorney General's opinion No. WW–81, dated March 29, 1957.

■ The appellees in their second amended original petition also alleged as grounds for the injunction that the contract specifically attempts to create a large future deficiency debt to be paid out of future anticipated school funds of said school district in violation of Article 2749 and 2827 of the Vernon's Revised Civil Statutes of the State of Texas; that the tax levied by the school board was made without submitting the matter to the voters of the school district. These questions have been decided adversely to appellees in Allen v. Channelview Independent School District, supra.

In view of our disposition of this case, it is unnecessary to discuss appellants' other points of error.

We believe the injunction was erroneously issued. Therefore, the decree of the trial court is accordingly reversed, and the injunction awarded therein is dissolved.