## Commonwealth v. Furl

*John D. Gresimer,* for Commonwealth.

*Joseph J. Malizia,* for defendant.

GREINER, P. J., July 2, 1969.—Defendant was arrested on December 1, 1968, for alleged violation of sub-section b, section 1008, The Vehicle Code of April

29, 1959, P. L. 58, as amended, being that section of The Vehicle Code which prohibits overtaking and passing another vehicle proceeding in the same direction when approaching the crest of a grade or on a curve on the highway where the driver's view is obstructed within a distance of 500 feet. The arresting officer filed information before Justice of the Peace, Theodore K. Moths, legally qualified for such office in and for Grove Township, Cameron County. The question of jurisdiction having been raised, by agreement of counsel, the matter was waived into this court on a set of stipulated facts which included: (1) The nearest duly elected and qualified justice of the peace to the point of the alleged violation was Howard Sweet, Driftwood Borough, Cameron County, immediately adjacent to Gibson Township, Cameron County, in which the alleged violation occurred but for which township there was no justice of the peace; (2) The next nearest justice of the peace was Theodore K. Moths, located in Grove Township, Cameron County; (3) The office of Justice of the Peace Sweet was not posted and he did not have on hand in his office the necessary forms to process this case.

It is the Commonwealth's contention, that in accordance with section 1201 (a) of The Vehicle Code, supra, 75 PS §1201 requiring that a person so charged be brought before the "nearest available magistrate," Justice Moths was the nearest available magistrate because even though Justice Sweet was physically present in his office, he being newly elected, had not received the usual supply of printed forms used to process such cases. This contention is based upon pure supposition of the inability of Justice Sweet to properly adjudicate the matter because admittedly the arresting officer made no effort to have the matter presented to Justice Sweet who would have had 14 days from the date of filing the information to the

expiration of the 15 day statutory period within which to obtain forms or provide his own by typing or hand writing same. In all of the cases cited by the Commonwealth the justice of the peace who is located nearest to the place of violation had either been requested to accept jurisdiction and had directly refused to accept same or had declared he had no seal and was not open for business or by stipulation of counsel it was agreed that such nearest justice of the peace was not actively engaged to perform the duties of his office: Commonwealth v. Esayian, 182 Pa. Superior Ct. 146; Commonwealth v. Black, 42 D. & C. 2d 312; Commonwealth v. Gill, 166 Pa. Superior Ct. 223. None of these are apposite to the present case.

The provisions of the statute requiring information to be brought before the nearest available magistrate within the political subdivision where the alleged offense occurred, etc., are mandatory and jurisdiction depends upon their observance: Commonwealth v. Schubert, 207 Pa. Superior Ct. 88; Commonwealth v. Muth, 397 Pa. 106. In the present case the information showed on its face that Justice Moths was located in a different political subdivision from that in which the alleged offense occurred with no explanation as to why he considered himself to be the nearest available magistrate. The Commonwealth has failed to show from the record and stipulated facts that Justice Sweet was unable or unwilling to exercise the duties of his office.

For the foregoing reasons we make the following

### Order

Now, July 2, 1969, Justice of the Peace Theodore K. Moths had no jurisdiction in the within case, the information is quashed and the charge against defendant is dismissed. Costs to be paid by County of Cameron.